IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MICHAEL THOMAS                                                                                    PLAINTIFF

VERSUS                                               CIVIL ACTION NO.  5:11-cv-47-DCB-JMR

2255 HALEY BARBOUR PARKWAY, et al.                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause comes before this Court, sua sponte. An order [1] was entered on March 23, 2011, directing that the original complaint be filed in two separate civil actions.[1] Then on March 28, 2011, this Court entered two orders [4 & 5] in the instant civil action.  One order [4] directed the plaintiff to sign and return an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days.   The plaintiff has failed to respond or comply with this order.  The other order [5] directed the plaintiff to file a completed application to proceed in forma pauperis, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court, within thirty days.  The plaintiff failed to comply with the orders [4 & 5]. In fact, this Court finds that the envelope [7] containing these orders [4 & 5] was returned on April 7, 2011, with the notation by the postal service as being "undeliverable."

When the plaintiff failed to provide a current address and failed to comply with the orders [4 & 5], this Court entered an order [8] on May 11, 2011, directing the plaintiff to show cause

---

[1]This civil action was originally filed by Michael Thomas and Frederick Banks on June 14, 2010, and assigned civil action number 5:10-cv-108-DPJ-FKB.  An order [5] was entered in civil action number 5:10-cv-108-DPJ-FKB severing that case and directing that a new and separate civil action be assigned to each plaintiff, Michael Thomas and Frederick Banks.

why this case should not be dismissed for his failure to comply with the Court's orders [4 & 5] of March 28, 2011. In addition, the plaintiff was directed to comply with this Court's orders [4 & 5] on or before June 2, 2011. Once again, the plaintiff was warned in this Court's order [8] of May 11, 2011, that failure to advise this Court of a change of address or failure to timely comply with any order of this Court may lead to the dismissal of his complaint. The envelope [9] containing the order to show cause [8] entered on May 11, 2011, was returned and marked by the postal service as "undeliverable." Therefore, the plaintiff once again failed to comply with the Court's orders [4, 5 & 9].

According to the record, the plaintiff has failed to comply with three court orders. Therefore, it is apparent from the plaintiff's failure to comply with the orders of this Court or to otherwise communicate with this Court since June 14, 2010, when he filed the original civil action, demonstrates a lack of interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b) and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash R.R., 370 U.S. 626, 629 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Link, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. Id. at 629-30.

The Court concludes that dismissal of this action for the plaintiff's failure to prosecute under FED. R. CIV. P. 41(b) is proper. Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has

never considered the merits of the plaintiff's claims, the Court's order of dismissal will be without prejudice.  See <u>Munday/Elkins Auto. Partners, LTD. v. Smith</u>, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the plaintiff's civil action shall be dismissed without prejudice.  A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the  21st   day of June, 2011.

 s/David Bramlettte 
UNITED STATES DISTRICT JUDGE